# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COOK,<br><br>    Plaintiff,<br><br>v.<br><br>LAND O'LAKES, INC.,<br><br>    Defendant. | Case No. 1:20-cv-00553-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT WITHOUT PREJUDICE<br><br>ORDER VACATING SEPTEMBER 23, 2020 HEARING<br><br>(ECF Nos. 7, 9, 10)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

John Cook ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action in the Superior Court of Tulare County on March 6, 2020, alleging wage and hour violations under state law. On April 17, 2020, Land O'Lakes, Inc. ("Defendant") removed the matter to the Eastern District of California.

On June 19, 2020, a scheduling order issued and this matter is proceeding on a bifurcated schedule with motions for class certification to be filed on or before November 8, 2021. The scheduling order did not set a deadline for the filing of an amended complaint.

Currently before the Court is Plaintiff's motion for leave to file a first amended complaint, filed August 24, 2020. Defendant filed an opposition to the motion on September 9,

1

2020; and Plaintiff filed a reply on September 11, 2020.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on September 23, 2020, will be vacated and the parties will not be required to appear at that time. For the reasons stated in this findings and recommendations, the Court recommends that Plaintiff's motion for leave to file a first amended complaint be denied.

**II.**

**LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, after a responsive pleading has been filed, a party may amend their complaint only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision on whether to grant leave to amend is within the discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962); United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.' " Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman, 371 U.S. at 182); accord Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); Madeja v. Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002); Washington State Republican Party v. Washington State Grange, 676 F.3d 784, 797 (9th Cir. 2012). "The court should 'examine each case on its facts' and determine the propriety of granting leave to amend on that basis." Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U., 980 F.Supp.2d 1160, 1175 (E.D. Cal. 2013) (quoting SAES Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) and 6 Charles Alan Wright, et al., Federal Practice and Procedure Civil 2d § 1430 (2d ed. 1990)).

The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal.

2014), appeal dismissed (Feb. 25, 2015).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052.  In exercising its discretion to grant leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Webb, 655 F.2d at 979.  The Ninth Circuit has stressed that Rule 15 favors amendments, and that this policy is to be applied with extreme liberality. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

## II.

## DISCUSSION

Plaintiff seeks to amend his complaint to add two causes of actions under the Federal Labor Standards Act ("FLSA") and to remove a cause of action and certain factual allegations. Plaintiff argues that the factors all weigh in favor of granting leave to file an amended complaint.

Defendant does not oppose the amendment to remove the cause of action and certain factual allegations but does oppose the amendment to add the FLSA claims.  Defendant counters that amendment of the complaint to add FLSA claims for a nationwide class is futile because review of Plaintiff's earning records demonstrates that he does not have a viable overtime claim under the FLSA and he is not similarly situated to the diverse class of individuals that he is attempting to represent in this action.  Defendant also contends that the factor of unnecessary delay also weighs against allowing amendment because Plaintiff waited six months to file his amended complaint and there are no new facts alleged which were not known at the time the complaint was filed.  Defendant argues that Plaintiff has sought leave to amend in bad faith because he is seeking a tactical advantage by adding the FLSA claims as amending to add the claims was only suggested after Defendant refused to limit the scope of this complaint and have it remanded to state court.  Defendant also argues that expanding the litigation would be prejudicial and judicial efficiency would not be served by expanding the claims at issue in this

1  action into a nationwide class of employees who are not similarly situated.

2  Plaintiff replies that Defendant argues the wrong stand for denial of leave to amend and
3  that under the liberal standards of Rule 15 leave to amend should be granted.

4  **A.  Bad Faith**

5  Defendant argues that Plaintiff is seeking to amend his complaint to gain a tactical
6  advantage in this action which demonstrates bad faith. The parties met and conferred on May
7  21, 2020, regarding the complaint. (Decl. of Jonathan M. Lebe ("Lebe Decl."), ¶ 4, ECF No. 7-
8  2.) Defendant stated that the overtime claims were preempted by the collective bargaining
9  agreement, Section 301 of the Labor Management Relations Act ("LMRA"), and California
10 Labor Code Section 514, and that the claims based on the alleged security checks at the
11 manufacturing centers were mistaken. (Id.) On May 29, 2020, Plaintiff notified Defendant by
12 email that he intended to file an amended complaint. (Id. at ¶ 5.) On June 12, 2020, the
13 amended pleading was emailed to Defendant with a request for a stipulation to the filing of the
14 amended complaint. (Id. at ¶¶ 6, 7.) Defendant did not respond to the request for a stipulation
15 until July 14, 2020, at which time Defendant refused to stipulation to the filing of the proposed
16 first amended complaint. (Id. at ¶ 7.)

17 Defendant contends that during the meet and confer on May 21, 2020, Plaintiff sought to
18 limit his case to feed manufacturing facilities in California if Defendant would agree to remand
19 this action to state court. (Decl. of Caitlin W. Tran ("Tran Decl."), ¶ 2, ECF No. 9-5.)
20 Defendant argues that after they refused to stipulate to remand this action to state court, Plaintiff
21 changed tactics and sent an email that he was going to amend his complaint. (Id. at ¶ 3.)

22 Defendant counters that this motion to amend the complaint is merely a litigation tactic
23 because Defendant refused to stipulate to remand this action back to state court. Defendant
24 argues that Plaintiff's claim that he realized then need to amend the complaint after meeting and
25 conferring in May 2020 makes no sense. Defendant contends that the exact same facts are
26 amended in both complaints and Plaintiff has not explained why this meet and confer provides
27 him with a legitimate basis to expand his complaint nationwide to include employees at more
28 than 100 different facilities in the United States who are not subject to the bargaining agreement

to which Plaintiff is a party. Defendant argues that Plaintiff cannot in good faith allege that he is similarly situated to all the non-exempt employees that work at the different facilities. Defendant argues that Plaintiff is exhibiting bad faith by seeking to amend his complaint.[1]

Plaintiff replies that he is not seeking to amend the complaint in bad faith, but is seeking efficient resolution of his claims and seeks to add claims based on facts he has learned through litigation.

Bad faith can be found where a party requests leave to amend for the purpose of prolonging the litigation "by adding new but baseless legal theories[,]" Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999), or is frivolous or filed for an improper purpose, Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990); Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir. 1987) (party added to destroy diversity and to the jurisdiction of this court).

Defendant relies on cases which found bad faith and denied leave to amend. Plaintiff argues that the cases are distinguishable. Plaintiff seeks to amend based on facts discovered during litigation. Plaintiff seeks to amend his complaint to remove the security checks claim which defense counsel has informed was based on mistaken information. This supports Plaintiff's assertion that he is seeking to amend his complaint to remove claims but does not address the addition of the federal claims which were known at the time that the action was filed. See Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) ("late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

However, a plaintiff has the choice of forum, and in this instance, Plaintiff choose to file his action in state court alleging only state court claims and limited the class to California residents. "[I]t is axiomatic that Plaintiff is the master of its complaint. If Plaintiff hypothetically filed a claim under the FLSA in the state court action, it would have been subject

---

[1] Defendant requests that the Court take judicial notice of two lawsuits filed against Land O'Lakes. Since the lawsuits are not relevant to the current motion, the Court denies the request for judicial notice.

5

to removal under the federal question doctrine. Urango v. Frozen Food ExpressIndustries Inc., No. 13-CV-02661 TLN-AC, 2014 WL 1379892, at *2 (E.D. Cal. Apr. 8, 2014). Defendant made the decision to remove this action to federal court and it is therefore entirely appropriate for the plaintiff to add the federal claims and seek to expand the class due to the change in forum. Urango, 2014 WL 1379892, at *2.

Defendant argues that by seeking to amend after offering to limit his claims and have the action remanded demonstrates bad faith. But this argument has been specifically rejected by federal courts. See Urango, 2014 WL 1379892, at *2 ("that Plaintiff was willing to forego the proposed FAC in exchange for a return to the forum of its choosing simply does not constitute bad faith"); Spector v. Bergman, No. 17-CV-05459-HRL, 2018 WL 3064777, at *1 (N.D. Cal. Feb. 23, 2018) (finding no evidence of bad faith where plaintiff sought to amend to add FLSA claims after removal); see also Stokes v. U.S. Foodservice, Inc., No. C 06-00249 JSW, 2006 WL 8459688, at *2 (N.D. Cal. Mar. 1, 2006) ("tactical decisions are not manipulative unless there is reason to believe that the inclusion of federal claims was 'for the purpose of putting defendants through the removal-remand procedure' "); Chow v. Hirsch, No. C-98-4619 PJH, 1999 WL 144873, at *5 (N.D. Cal. Feb. 22, 1999) (making a strategic decision to bring state law claims in an attempt to have them heard in state court is not improper). Bad faith is typically "understood to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." SAES Getters S.p.A., 219 F.Supp.2d at 1086. Defendant forced Plaintiff into federal court by removing this matter from state court to federal court. Now that Plaintiff is in federal court, he seeks to amend his complaint to add federal wage and overtime claims to the complaint. As the Urango court held,

> Plaintiff does not seek to undermine the jurisdiction of this court; rather, Plaintiff simply seeks to add a federal claim to its complaint now that Plaintiff finds itself in federal court. As such, the court finds that Plaintiff has not acted in bad faith by seeking to add a federal claim after Defendant unilaterally removed this matter to federal court. Indeed, if Defendant does not wish to defend an FSLA claim, it should have either litigated the matter in state court or stipulated to remand per Plaintiff's proposal.

Urango, 2014 WL 1379892, at *2. This factor weighs in favor of granting leave to amend the complaint.

### B. Undue Delay

In evaluating whether there has been undue delay, the court considers whether the motion was filed within the time allotted by the scheduling order, as well as "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)). "To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay." SAES Getters S.p.A., 219 F.Supp.2d at 1086. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Here, Plaintiff filed his state court complaint on March 6, 2020, and the motion for leave to amend was filed on August 24, 2020. Defendant argues that this is six months of undue delay and weighs against granting the motion. However, as discussed above, Plaintiff filed this action in state court alleging only state law claims and it was Defendant that removed the action to the federal court on April 17, 2020. Therefore, any delay in adding the federal claims would only be considered after the date of removal. Here, Plaintiff could reasonably wait to file an amended complaint while he attempted to work with Defendant to limit the claims and have this action remanded to state court.

The parties met and conferred on May 21, 2020. The need to file the amended complaint to add the federal claims became apparent after Defendant refused to stipulate to remand this action to state court. After Defendant indicated it was not willing to stipulate to remand to this action to state court, Plaintiff notified Defendant that he was intending to file an amended complaint to add the federal claims. Defendant was provided with the proposed amended complaint on June 12, 2020 and a stipulation was requested for leave to file the complaint. On this same date, the joint scheduling report was filed in which Plaintiff stated that he intended to file an amended complaint either by stipulation or by motion. (ECF No. 4.) It was not until July 14, 2020, that Defendant notified Plaintiff that they would not agree to the filing of the

7

1 complaint. Plaintiff filed the instant motion for leave to amend on August 24, 2020.

2 The Court finds no undue delay in seeking to amend the complaint under the
3 circumstances presented here and this factor weighs in favor of granting amendment of the
4 complaint.

### C. Prejudice to the Opposing Party

6 " 'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth
7 Circuit has found such substantial prejudice where the claims sought to be added 'would have
8 greatly altered the nature of the litigation and would have required defendants to have
9 undertaken, at a late hour, an entirely new course of defense.' " SAES Getters S.p.A., 219
10 F.Supp.2d at 1086 (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th
11 Cir. 1990)). "Where a party opposes a motion for leave to amend on the basis of undue
12 prejudice, the showing of prejudice must be substantial." SAES Getters S.p.A., 219 F.Supp.2d at
13 1094. The party opposing amendment of the complaint "bears the burden of showing
14 prejudice." Eminence Capital, LLC, 316 F.3d at 1052 (quoting DCD Programs, Ltd. v.
15 Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).

16 Defendant argues that allowing Plaintiff to add the FLSA claims would significantly
17 expand the scope of the case and require Defendant to undertake a new course of defense.
18 Plaintiff counters that the parties have only exchanged initial disclosures and one set of written
19 discovery and the cutoff date for discovery for class certification is over a year away.

20 The scheduling order in this action issued on June 19, 2020, and no deadline was set for
21 amendment of the complaint. (ECF No. 6 at 2.) . This matter is proceeding on a bifurcated
22 schedule with this initial period addressing class certification. The motion for class certification
23 is not due until November 2021. (Id.) While Defendant argues that allowing amendment will
24 expand the scope of the claims and require them to undertake a new defense, Defendant was
25 aware that Plaintiff was seeking to amend his complaint to add the FLSA claims prior to the
26 scheduling order being issued in this action.

27 Further, although Defendant argues that amendment should not be allowed at this "late
28 hour", the scheduling order just issued in June, and discovery for class certification does not

close until September 2021.  Courts have found prejudice where a party moves to amend where the relevant discovery deadline nears or has passed or shortly before trial.  Nutrition Distribution, LLC v. Enhanced Athlete, Inc., No. 2:17-CV-01491-TLN-KJN, 2019 WL 1429549, at *2 (E.D. Cal. Mar. 29, 2019).  Defendant does not show how they are prejudiced by allowing amendment at this early stage of the proceedings, where discovery is open for another year, and the motion for class certification is not due until November of 2021.  (ECF No. 6.)  The Court is aware that allowing Plaintiff to file an amendment to the complaint may increase the costs and fees incurred in defending the action, but Defendant has not met their burden to show that allowing the FLSA claims would result in substantial prejudice or significantly expand this litigation at a stage of the proceedings such that it would be prejudicial.  This factor weighs in favor of granting the motion for leave to amend.

### D.     Futility of Amendment

Defendant argues that Plaintiff's FLSA claims will fail as a matter of law because he cannot have a federal minimum wage claim as all renumeration for employment, including his $0.35 per shift differential was included in his regular rate of pay.  Defendant also contends that Plaintiff is a unionized employee and cannot in good faith allege that he is similarly situated to all non-exempt employees nationwide who are all subject to different collective bargaining agreements, all non-production employees, and hundreds of other job titles that at 164 different facilities.

"[A]n amendment is 'futile' only if it would clearly be subject to dismissal.  SAES Getters S.p.A., 219 F.Supp.2d at 1086.  Here, Defendant argues that Plaintiff cannot prevail on the merits of his claim and presents evidence in support.  However, the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[a]ll

allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. A court generally cannot consider material outside of the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Here, Defendant argues the merits of the complaint and challenges whether Plaintiff is an appropriate class representative, but while these arguments may be raised on a motion for summary judgment or in opposition to a motion for class certification, these issues are beyond the scope of the current motion. The issue here is whether Plaintiff's first amended complaint contains sufficient factual allegations for the court to reasonably infer that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

In his first amended complaint, Plaintiff alleges that Defendant operates manufacturing centers that process dairy products. (First Am. Compl. ("FAC"), ¶ 2, ECF No. 7-2.) During the four years prior to the filing of this action, Defendant violated federal state wage and hour laws by: (a) Failing to pay minimum wages; (b) Failing to pay overtime wages at the proper rates; (c) Failing to pay Reporting Time Pay; (d) Failing to provide meal periods or compensation in lieu thereof; (e) Failing to authorize or permit rest breaks or provide compensation in lieu thereof; (f) Failing to provide accurate itemized wage statements; and g) Failing to pay all wages due upon separation of employment. (FAC ¶ 4.) Plaintiff contends that for at least four years prior to the filing of this action through the date of the complaint, Defendant has consistently maintained and enforced against the class unlawful policies and procedures. (FAC ¶ 5.)

Plaintiff was employed by Defendant during the class period in California. (FAC ¶ 10.) Plaintiff was employed as a non-exempt employee at one of Defendant's California

manufacturing centers. (FAC ¶ 24.) Defendant improperly calculated the rate of overtime for Plaintiff because they did not include non-discretionary wages, such as shift premiums and or other incentive pay into the computation of their regular rate of pay for purposes of calculating the overtime rate. (FAC ¶ 27.) Defendant failed to pay all reporting time pay when Plaintiff would report to work on the day of his scheduled shift and he was not put to work or furnished less than half of his usual day's work. (FAC ¶ 28.) Defendant failed to provide Plaintiff timely, uninterrupted off duty meal period of no less than thirty minutes before his fifth hour of work due to lack of proper coverage and scheduling of meal periods during his shift. (FAC ¶ 29.) Defendant routinely failed to provide Plaintiff with a second off the clock meal break for shifts lasting longer than ten hours. (FAC ¶ 29.) Plaintiff did not receive timely meal premiums when he did not receive a timely uninterrupted meal period. (FAC ¶ 30.) Defendants did not provide timely, uninterrupted, on the clock rest periods of no less than ten minutes for every four hours worked. (FAC ¶ 31.) Nor was Plaintiff provided with a third rest period for shifts lasting longer than ten hours. (FAC ¶ 31.) Plaintiff did not receive a rest break premium when rest breaks were missed. (FAC ¶ 31.) Plaintiff was not provided with accurate itemized wage statements. (FAC ¶ 31.) Plaintiff did not receive timely payment of all wages upon separation of employment. (FAC ¶ 34.) During the relevant time period, Plaintiff periodically worked more than forty hours per week. (FAC ¶ 45.)

The Court notes that the majority of the first amended complaint consists of conclusory allegations and recitations of the elements of causes of action that are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

California law requires employers to pay employees the minimum wage for all hours worked, see California Labor Code § 1197, and overtime pay for any work in excess of eight hours in one workday and forty hours in any workweek, see California Labor Code § 510(a). The FLSA provides similar guarantees. See 29 U.S.C. §§ 206, 207.

In the FLSA claim, Plaintiff alleges that he is similarly situated to other non-exempt employees who make up the collective. Plaintiff contends that they have substantially similar pay provisions and are subject to a common practice, policy or plan of failing to pay minimum

wages and failing to pay overtime wages at the correct hourly rate. Plaintiff alleges that he and the other similarly situated current and former employees have not been paid for their off-the clock work during meal breaks, and Defendant's failure to pay overtime wages at the regular rate of pay by failing to account for shift differentials and other earned wages when calculating overtime wages. But, Plaintiff fails to allege any facts by which the Court could infer that there was a single workweek in which he was not paid minimum wage or for overtime hours worked.

In Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 642 (9th Cir. 2014), as amended (Jan. 26, 2015), the Ninth Circuit held that post-Iqbal "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim," but that conclusory allegations that merely recite the statutory language are inadequate to state a claim. Landers, 771 F.3d at 644. "[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." Id. at 644–45. [A]t a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid [overtime or regular wages]." Id. at 646. The Landers court also emphasized that plausibility is a fact-specific analysis, and "with the pleading of more specific facts, the closer the complaint moves toward plausibility." Id. at 645. Courts find that conclusory allegations such as included in the first amended complaint are insufficient to state a plausible claim. See Ratcliffe v. Apex Sys., LLC., No. 3:19-CV-01688-WQH-MDD, 2019 WL 5963759, at *3 (S.D. Cal. Nov. 13, 2019) ("The conclusory allegation that Plaintiff worked overtime is not sufficient to plausibly support a claim for unpaid overtime wages."); Boyack v. Salon Management Corporation, SACV 18-01233 AG (DFMx), 2019 WL 1744855, at 4* (C.D. Cal. Feb. 11, 2019), (finding failure to state a claim based on allegations of failure to pay minimum or overtime wages which were conclusory or merely regurgitate the relevant statutory language); Avalos v. Amazon.com LLC, No. 1:18-CV-00567-DAD-BAM, 2018 WL 3917970, at *3 (E.D. Cal. Aug. 14, 2018) (collecting cases).

Although Landers addressed FLSA claims, federal courts have held that its reasoning applies to California Labor Code claims as well. Tan v. GrubHub, Inc., 171 F.Supp.3d 998,

1006 (N.D. Cal. 2016); see also Boyack v. Regis Corp., 812 F.App'x 428 (9th Cir. 2020)[2] (affirming dismissal of complaint where plaintiff failed to include any factual allegations of at least one workweek that would support her state law wage and hour claims). Plaintiff has failed to allege a single pay period where he was not paid minimum wage or where he worked overtime and the complaint is largely devoid of factual allegations. Here, as in Landers, Plaintiff's first amended complaint does not allege facts showing that there was a given week in which he was entitled to but denied minimum wages or overtime wages. Landers, 771 F.3d at 645.

Similarly, Plaintiff's state claims are insufficient for the Court to infer that Plaintiff was subjected to a violation of state law. California law requires an employer to provide its non-exempt employees with a thirty-minute meal period for every five hours of work. See Cal. Labor Code §§ 226.7, 512. To be a compliant meal break under California law, "an employer must relieve the employee of all duty for the designated period but need not ensure that the employee does no work." Brinker Rest. Corp. v. Superior Court, 53 Cal.4th 1004, 1034 (2012). To successfully state a meal or rest break claim, plaintiff must allege sufficient facts identifying an instance where they were deprived of a meal or rest break. Perez v. DNC Parks & Resorts at Sequoia, No. 1:19-CV-00484-DAD-SAB, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (citing Landers, 771 F.3d at 646 and Boyack v. Regis Corp., No. 19-55279, 2020 WL 2111464, at *2 (9th Cir. May 4, 2020) (holding that a rest break claim fell short of the Landers' requirements by not "demonstrating at least one workweek in which [the plaintiffs] were personally deprived of rest breaks"). Again, Plaintiff's first amended complaint contains no factual allegations to demonstrate one workweek in which he was deprived of a meal or rest break.

Plaintiff also alleges that Defendant failed to pay reporting time pay, but there are no factual allegations that Plaintiff reported to a shift and he was not put to work or furnished less than half his usual day's work without receiving reporting time pay. In fact, other than the fact that Plaintiff was a non-exempt employee during the class period, periodically worked over 40

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

hours a week, and lack of proper coverage and scheduling of meal breaks, there are no allegations as to Plaintiff's position, when and whether he is employed by Defendant, or the hours that Plaintiff worked.  The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a claim, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.  While Plaintiff may be able to allege additional facts that would cause the claims in the first amended complaint to be plausible, as currently plead it is merely consistent with Defendant being liable and "stops short of the line between possibility and plausibility of entitlement to relief."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Plaintiff sets forth elements of the causes of action and conclusory allegations of misconduct, but does not allege any factual allegations that would suggest that he was not paid minimum or overtime wages, did not receive meal periods or meal premiums, did not receive rest breaks or rest premiums, failed to receive reporting time pay, was not provided with an accurate itemized wage statement, or failed to pay all wages upon separation of employment.  Plaintiff's Business and Professions Code violations are based on the insufficiently pled state federal and state labor and wage violations and therefore fail to state a claim.

Plaintiff's first amended complaint fails to state a claim for violation of the FLSA or state law.  Accordingly, the Court finds that it would be futile to grant leave to file the amended complaint.  Futility alone is sufficient to justify the denial of a motion to amend.  Washington, 75 F.Supp.3d at 1245; Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Because Plaintiff's complaint is devoid of any factual allegations sufficient to state a cognizable claim, the Court recommends that Plaintiff's motion for leave to file a first amended complaint be denied.  See Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.")  However, since the deficiencies in the pleading could be cured by the addition of factual allegations to support the claims, the denial should be without prejudice.

///

## III.

## CONCLUSION AND RECOMMENDATION

Under Landers, Plaintiff's complaint must contain sufficient factual allegations to raise an inference that there was at least a single workweek in which Plaintiff was subject to the federal and state wage and hour violations alleged and Plaintiff has failed to include any factual allegations in the first amended complaint to raise such an inference.  For this reason, the Court finds that the first amended complaint fails to state a claim under the FLSA or under state law.  Accordingly, the Court recommends that Plaintiff's motion for leave to file a first amended complaint be DENIED WITHOUT PREJUDICE on the ground of futility.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2020**

UNITED STATES MAGISTRATE JUDGE